UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

SIR GIORGIO SANFORD CLARDY,

        Plaintiff,        2:15-cv-2098-CL

        v.        FINDINGS AND RECOMMENDATION

"JANE" HASCALL,
et al.,

        Defendants.

CLARKE, Magistrate Judge.

    Plaintiff, an inmate in the custody of the Oregon Department of Corrections, filed a pro se complaint under 42 U.S.C. § 1983, alleging claims, arising out of the allege conduct of various individuals relative to a previous lawsuit filed by plaintiff. The crux of the complaint was that the defendants impeded or obstructed plaintiff's ability to "present" his claims.

1 - FINDINGS AND RECOMMENDATION

By Order (#5) entered January 11, 2016, plaintiff's complaint was dismissed for failure to comply with the minimal pleading requirements of the federal rules and failure to state a claim. The court advised plaintiff of the pleading requirements of the federal rules and identified other deficiencies in the complaint. Plaintiff was allowed 30 days to file an amended pleading.

On January 11, 2016, plaintiff filed a Motion to Amend (#6) with a proposed "First Amended Verified Complaint" attached.

Plaintiff's Motion to Amend (#6) is denied as moot in that plaintiff filed his amended complaint within the time allowed by the court's Order (#5). Therefore the "First Amended Verified Civil Complaint" attached to plaintiff's motion is deemed the operative pleading before the court.

However, the amended complaint fails to cure the deficiencies that led to the dismissal of plaintiff's original complaint and should be dismissed for failure to state a claim. 28 U.S.C. § 1915(e)(2); see also Sparling v. Hoffman Constr. Co., 864 F.2d 635, 637 (9th Cir. 1988).

As set forth in the court's previous order, in civil rights cases involving a plaintiff proceeding pro se, this court construes the pleadings liberally and affords the plaintiff the benefit of any doubt. McGuckin v. Smith, 974

2 - FINDINGS AND RECOMMENDATION

F.2d 1050, 1055 (9th Cir. 1992); Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 623 (9th Cir. 1988). However, there are limits to the court's liberal construction of pleadings.

As a preliminary matter, plaintiff apparently seeks to hold defendants Nooth, Peters, Gilmore and Bell liable on a theory of *respondeat superior*. However, it is well settled that *respondeat superior* is not a proper basis for § 1983 liability. To establish a § 1983 claim against an individual defendant, a plaintiff must establish personal participation by the defendant in the alleged constitutional deprivation. Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009).

Plaintiff has not alleged any facts that would establish that defendants Nooth, Peters, Gilmore or Bell personally participated in the alleged conduct giving rise to his claims in this case. Therefor plaintiff's claims against these defendants fail as a matter of law.

As with plaintiff's previous complaint, plaintiff's 56 page, handwritten complaint is a rambling narrative of detailed factual averments containing many irrelevant and immaterial factual details that obfuscate plaintiff's claims. As noted in the court's previous order, it is not the court's or defendant's duty to parse the complaint for possible claims. The complaint before the court is insufficient in

fact or in legal theory to enable the defendants to respond.

Even if plaintiff was able to correct the pleading deficiencies of the complaint, the alleged facts discernible by the court do not support a colorable cause of action.

Plaintiff's unique handwriting makes the allegations of the complaint difficult to decipher. However, it is clear that plaintiff's claims are based on defendants' alleged conduct relative to plaintiff's products liability lawsuit against *Nike*[1] and are construed as claims for denial of access to the courts.

In <u>Bounds v. Smith</u> 430 U.S. 817 (1977) the Supreme Court held that the "fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." <u>Bounds</u>, 430 U.S. at 829.

To enforce the *Bounds* requirement, a prisoner must meet the "actual injury" requirement imposed by the Supreme Court in <u>Lewis v. Casey</u>, 518 U.S. 343 (1996). Under *Lewis*, it is not enough for a prisoner to show that a prison has an inadequate law library or imposes unreasonable restrictions on

---

[1] *See*, The Oregonian Live, January 10, 2014 ("Portland Pimp sues Nike for $100 million for lack of warning label after beating victim with Jordans."


prisoner litigants. Instead, a prisoner must show that the inadequacy of the law library or legal assistance program caused an "actual injury" by "hinder[ing] his efforts to pursue a legal claim." *Id.*, 518 U.S. at 351. In addition to showing actual injury, the prisoner must also show that the claim, which has been frustrated or impeded is non-frivolous. Moreover, prisoners are not entitled to legal resources enabling them to file every type of claim. Rather, the only tools that the state is required to provide are those which prisoners need to attack their sentences, directly or collaterally, or in order to challenge the conditions of their confinement. *Id.* 518 at 355.

In this case plaintiff's allegations regarding defendants' alleged conduct interfering with the "presentation" of his claims fail to state a claim for denial of access to the courts because plaintiff has failed to establish the fundamental requirement that he was pursuing a "non-frivolous claim" related to challenging his sentence or the conditions of his confinement.

Plaintiff also appears to allege tort claims for negligence and "professional malpractice" against the attorneys that represented defendants in his *Nike* lawsuit. However, plaintiff has not alleged a proper jurisdictional basis for such claims or any facts that would establish his

5 - FINDINGS AND RECOMMENDATION


standing to sue those individuals. Therefor plaintiff's claims against these defendants fail as a matter of law.

Based on the foregoing, plaintiff's complaint should be dismissed *sua sponte* for failure to state a claim. Because it is apparent that the deficiencies of the complaint cannot be cured by amendment, the dismissal should be with prejudice. The Clerk of the Court should be directed to enter a judgment dismissing this proceeding.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

*Any appeal form an order adopting this Findings and Recommendation or judgment dismissing this case would be frivolous and not taken in good faith.  Therefore, plaintiff's in forma pauperis status should be revoked.*

DATED this \_\_\_ day of August, 2016.

Mark D. Clarke
United States Magistrate Judge

7 - FINDINGS AND RECOMMENDATION